## THE PEOPLE *v.* MARTIN.

The fact that a bill of exceptions was not signed until more than ten days after the trial, cannot defeat a party's right to appeal.

APPEAL from the Court of Sessions of the County of San Francisco.

The defendant was tried and convicted of an assault with intent to ravish. It is admitted that there are sufficient errors to warrant a reversal, if the bill of exceptions, which was not signed until more than ten days after the trial, can be considered by this Court.

*Hoge and Wilson* for Appellant.

*William T. Wallace, Attorney General,* for the People.

Mr. Chief Justice MURRAY delivered the opinion of the Court. Mr. Justice HEYDENFELDT and Mr. Justice TERRY concurred.

31

That the record in this case is so full of errors as to warrant an immediate reversal, is admitted by the Attorney General, provided this Court can take notice of the bill of exceptions, which was not signed by the Judge of the Court below within ten days after the trial.

In the absence of anything appearing to the contrary, the legal intendment would arise from the fact of the bill being signed by the Judge, that the same was done regularly. In fact, it is difficult to see how the failure or refusal to sign a bill of exceptions could defeat the party's right of appeal.

On examination, it will be found that no analogy whatever exists between this case and the one of Leech v. Allen. 2 Cal., 95.

Judgment reversed, and new trial ordered.