[No. 11661. Department One. — August 31, 1887.]

W. L. SULLIVAN ET AL., APPELLANTS, v. MARY A. WALLACE ET AL., RESPONDENTS.

73  307
133  476

NEW TRIAL — NOTICE OF MOTION — EXTENSION OF TIME FOR SERVING — NOTICE OF DECISION — SERVICE BY MAIL. — Under section 1013 of the Code of Civil Procedure, where the party in whose favor judgment is rendered serves by mail a notice of the decision on the attorney of the adverse party, whose office and residence are distant seventy miles from the place of deposit, the latter has twelve days from the date of the deposit within which to serve and file a notice of his intention to move for a new trial.

ID. — SETTLEMENT OF STATEMENT — PRESUMPTION OF REGULARITY. — In the absence of a showing to the contrary, a statement on motion for a new trial, which is certified to by the trial judge as having been properly settled, is presumed to have been served as required by law.

ID. — ORDER GRANTING MOTION — INSUFFICIENCY OF EVIDENCE — APPEAL. — Where one of the grounds of a motion for a new trial is, that the evidence is insufficient to justify the findings, and the record shows that

the evidence is conflicting, an order granting the motion, without any reasons being stated for such action, will not be reversed on appeal.

PRACTICE — RULES OF COURT — SUSPENSION OF. — The trial judge has power to suspend a rule of court requiring a copy of all *ex parte* orders to be served on the attorney of the adverse party, or may except a particular case from its operation.

APPEAL from an order of the Superior Court of Sacramento County granting a new trial, and from an order setting aside a judgment.

The facts are stated in the opinion.

*Ed. M. Martin, Clinton L. White,* and *Catharine McGrath, in pro. per.,* for Appellants.

*R. B. Wallace,* for Respondents.

FOOTE, C. — This is an action of ejectment, the plaintiff had judgment, but upon motion duly made the court below granted a new trial, and from the order made in the premises this appeal is taken.

The respondents' motion to dismiss the appeal should be denied, as the affidavit of the appellant's counsel shows that service of the notice of appeal was properly had on the attorney of the former.

The appellant contends that the notice of motion for a new trial was not filed in the clerk's office until the eleventh day after the notice of the decision had been deposited in the post-office at Sacramento, postage paid and properly directed to the respondents' attorney of record at his office in San Francisco. But it is shown that the distance from Sacramento to San Francisco is seventy miles, and section 1013, Code of Civil Procedure, with reference to the service of such a notice as that of the decision in a case, is as follows:—

"In case of service by mail, the notice or other paper must be deposited in the post-office, addressed to the person on whom it is to be served, at his office or place of residence, and the postage paid. The service is com-

plete at the time of the deposit, *but if within a given num-
ber of days after such service a right may be exercised or an
act is to be done by the adverse party, the time within which
such right may be exercised or act be done is extended one
day for every twenty-five miles distance between the place of
deposit and the place of address,* such extension, however,
not to exceed ninety days in all."

Here the act to be done by the adverse party after the
service of notice of decision was the filing and serving
of the notice of intention to move for a new trial; and
as it appears by the record that the distance between the
place of deposit and the place of address, as regards the
first notice, was seventy miles, the attorney for the appel-
lant had twelve days from date of the deposit of the first
notice in the post-office at Sacramento within which to
file and serve the notice of motion, that is, until the
twelfth day of January, 1885, and it was filed and served
one day before that time.

The appellant also argues that the statement on mo-
tion for a new trial should not have been settled, be-
cause of the fact that it was not served as required by
law.

The certificate of the judge who settled the statement
carries with it the presumption that it was regularly and
properly done; for, " in the absence of anything appear-
ing to the contrary, the legal intendment would arise
from the fact of the bill being signed by the judge, that
the same was done regularly." (*People* v. *Martin,* 6 Cal.
477; Hayne on New Trial, sec. 146; *Valentine* v. *Stewart,*
15 Cal. 396; *Young* v. *Rosenbaum,* 39 Cal. 646.)

The statement contains nothing sufficient to overcome
this presumption.

It is claimed, however, in opposition to this view, that
the trial judge illegally extended the time within which
to settle the statement, because a copy of the order made
in the premises was not *served* on the attorney of the
opposite parties, according to a rule of the court requir-

ing that to be done in the case of the making of all *ex parte* orders.

"Rules of court are but a means to accomplish the ends of justice, 'and it is always in the power of the court to suspend its own rules, or to except a particular case from *their* operation, whenever the purposes of justice require it.'" (*Pickett* v. *Wallace*, 54 Cal. 148.)

In this case, the trial judge seems to have followed the rule thus laid down.

The court below granted the motion for a new trial, and set aside the judgment, but did not state any reason for its action in the premises. One of the grounds, however, specified and relied on by the moving party was that the evidence was insufficient to justify the findings, and the record shows that a conflict did exist in the evidence material to the issues raised by the pleadings; hence we can see no abuse of the discretion vested in that tribunal in making the orders appealed from, and they should be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the orders are affirmed.

Hearing in Bank denied.