[S. F. No. 2544.   Department One. — September 6, 1901.]

## JOSEPH BRANDENSTEIN, Appellant, v. R. B. JOHNSON et al., Respondents.

APPEAL — MOTION TO DISMISS — SERVICE OF NOTICE BY MAIL — SUFFICIENCY OF PROOF. — Upon motion to dismiss an appeal for failure to serve the notice of appeal upon all of the adverse parties, where appellant submitted an affidavit, stating in positive terms service of the notice upon their attorney by mail, and the existence of the conditions upon which such service was permissible, and also stating that, after the service, respondents' attorney admitted receipt of the notice through the mail, such statements will prevail over any mere inference to the contrary, from facts set forth in an affidavit of respondents' attorney, including a statement of mere want of recollection by him of the admission that the notice was received.

MOTION to dismiss an appeal from a judgment of the Superior Court of Fresno County.   E. W. Risley, Judge.

The facts are stated in the opinion of the court.

George E. Church, Henry U. Brandenstein, and Percy Clarke Church, for Appellant.

George L. Warlow, and Horace Hawes, for Respondents.

THE COURT. — Upon the respondents' motion to dismiss the appeal upon the ground that service had not been made

---

[1] 69 Am. St. Rep. 17.

upon all of the adverse parties, affidavits were presented, from which it appears that the notice of appeal was served by mail. The affidavit in support thereof states in positive terms the fact of such service, and the existence of the conditions under which such service may be made, one of which is, that the attorney making the affidavit did not know the residence of the attorney for the respondents. It also states that, after such service, the attorney for the respondents admitted that he had received the notice so sent him through the mail. In reply thereto, said attorney has filed an affidavit, setting forth certain facts from which it might be inferred that the attorney for the appellant did in fact know the place of his residence, and also denying, "according to his best recollection upon the subject," that he had admitted having received the notice. We must hold, however, that as these facts are positively stated in the affidavit on behalf of the appellant, they must prevail over any inference to the contrary that may be drawn from the facts set forth in the affidavit on behalf of the respondents, and against the want of recollection thereof on the part of said attorney.

The motion is denied.