[S. F. No. 10004.   In Bank.—February 25, 1922.]

## JOHN C. CORBETT, Petitioner, v. THE STATE BOARD OF CONTROL et al., Respondents.

[1] BOARD OF EQUALIZATION—TRAVELING EXPENSES OF MEMBERS—CONSTRUCTION.—The phrase "actual traveling expenses," as used in section 3702 of the Political Code with reference to the members of the board of equalization while in discharge of their duties, includes room rent and meals.

[2] STATUTORY CONSTRUCTION—WORDS AND PHRASES.—It is a familiar rule of statutory interpretation that words and phrases are construed according to the approved usage of the language, and that words of common use are to be taken in their ordinary and general sense.

APPLICATION for a Writ of Mandate to require the state board of control to approve the claim of a member of the state board of equalization for traveling expenses. Writ granted.

The facts are stated in the opinion of the court.

Milton T. Uren for Petitioner.

Ralph W. Smith for Respondents.

SHAW, C. J.—This is an application for a writ of mandate to the state board of control, and G. B. Daniels, C. E.

Jarvis, and Edgerton Shore, as members thereof, directing said board to audit, approve, and allow the claim of the plaintiff for $220.75, allowed him by the state board of equalization for his traveling expenses in attending upon the sessions of the last-named board.

The matter was submitted upon a statement of facts agreed to by the parties. At the time the expenses in question were incurred the plaintiff was a member of the said board of equalization for the first equalization district. He was a resident of San Francisco and had his home there. Meetings of the state board of equalization were duly called to be held at Sacramento at various times during the fiscal year of 1920–21. He attended these meetings and in doing so he incurred expenses in traveling to Sacramento from his home in San Francisco and in returning to his home, and also for room rent and meals at hotels in Sacramento while there in attendance upon said meetings. The sum in dispute is the amount expended for the said room rent and meals. It is admitted that the charges were not extravagant or exorbitant. His claim for the $220.75 thus expended was duly approved and allowed by the state board of equalization on June 30, 1921. On the same date it was duly presented to the state board of control, which board refused to allow, audit, or approve the same.

The state is divided into four equalization districts. The city and county of San Francisco constitutes the first district. The county of Sacramento lies in the second district and the other two districts embrace counties far distant from Sacramento. (Pol. Code, sec. 125.) The law requires that one member of said board shall be elected from each of such districts by the electors thereof for a term of four years. (Const., art. XIII, sec. 9; Pol. Code, sec. 352.) The board is required by law to meet at Sacramento on the second Monday of each month, and at the August meeting it is required to remain in session until the third Monday of that month. Other meetings may be called by the chairman of the board at such time and place as he may direct, and when deemed necessary the board as a whole, or a member thereof, is authorized to visit the "several counties and cities for the purpose of inspecting property," or obtaining information. (Pol. Code, sec. 3692, subds. 4–7.)

It is also provided that "the members of the board and secretary are entitled to their *actual traveling expenses,* and

for contingent clerical assistance, while traveling, incurred by them in the discharge of their duties." (Pol. Code, sec. 3702.)    The Appropriation Act of 1919 included $5,000 to cover these expenses for the ensuing two years.    (Stats. 1919, p. 1317.)    Enough of this fund remains to pay the plaintiff's claim.

The argument of the defendants appears to be that the phrase "actual traveling expenses" must be strictly construed in favor of the state, and that it does not embrace any expenses except such as are incurred for railroad or water transportation or other method of conveyance.    It is suggested that the members of the board after they arrive at their destination and while remaining there to perform the duties of the session which they are attending are not traveling but are remaining stationary.

[1] If the meaning of the phrase "traveling expenses" prevents its application to anything except expenses paid for some kind of locomotion or conveyance, doubtless this interpretation might be sustained.    [2] But it is a familiar rule of statutory interpretation that words and phrases are construed according to the approved usage of the language, and that words of common use are to be taken in their ordinary and general sense.    (*Gross* v. *Fowler,* 21 Cal. 396; Pol. Code, sec. 16.)    Ever since the year 1878 the law has provided that the members of the supreme court shall be allowed their "actual traveling expenses" in going to and from their respective places of residence to attend the sessions of the court.    It has been the universal practice for that period to allow the members and officers of that court, not only their railroad fare, but also their hotel bills during the time of their attendance on the sessions.    The phrase quoted has always been understood to include these expenses.    Section 3702 of the Political Code was enacted in its present form in 1887, and the same practice has prevailed ever since that time with relation to the traveling expenses of the members of the board of equalization.    The legislature has undoubtedly acquiesced in this interpretation, since the law has remained unchanged.    It would seem that it is too late to claim the technical and literal construction now contended for.    Furthermore, it is not in accordance with the common use of the phrase "traveling expenses." It is common knowledge that in commercial affairs agents are traveling over the country constantly under an arrange-

ment with their principals that their traveling expenses are to be paid. Often they are required to remain in one place for considerable periods of time in the transaction of the business, but it is commonly understood that their hotel bills are a part of the traveling expenses, unless some provision of the contract shows a different meaning.

Let a writ of mandate issue as prayed for.

Shurtleff, J., Wilbur, J., Lawlor, J., and Sloane, J., concurred.