[Civ. No. 11194.   First Appellate District, Division One.—December 7, 1939.]

MARIA LABARTHE, Respondent, v. CONNELL C. Mc-RAE et al., Appellants.

Thomas J. Straub, William B. Kuder and John J. Briare for Appellants.

Wayne R. Millington for Respondent.

PETERS, P. J.—Respondent moves to dismiss the above-entitled appeal on the ground that the appeal was not taken within the time provided by law.

The pertinent dates are as follows:

Notice of entry of judgment deposited in the mail at Redwood City by respondent, properly addressed to appellants' attorneys in San Francisco, the two places being about twenty-five miles apart....................May 13, 1939.

Notice of entry of judgment delivered at the
office of appellants' attorneys in San Fran-
cisco ...............................:...May 15, 1939.
(May 14, 1939, was a Sunday.)
Notice of intention to move for a new trial filed
by appellants .........................May 25, 1939.
Motion for a new trial denied................July 11, 1939.
Notice of appeal filed......................July 17, 1939.

Under the provisions of section 939 of the Code of Civil
Procedure, an appeal may be taken within sixty days from the
entry of the judgment or order appealed from, but, if pro-
ceedings on motion for a new trial are properly pending, the
time for appeal is extended until thirty days after entry of
the order determining the motion for a new trial. Section
659 of the Code of Civil Procedure provides, in part, that the
party intending to move for a new trial must file his notice
of intention "within ten (10) days *after receiving written
notice of the entry of the judgment*". (Italics ours.) Part
2, title 14, chapter 5, of the Code of Civil Procedure is en-
titled "Notices, and Filing and Service of Papers", and em-
braces sections 1010 to 1019, inclusive. So far as pertinent
here, section 1010 provides that "Notices and other papers
may be served upon the party or attorney in the manner
prescribed in this chapter, *when not otherwise provided by
this code.*" (Italics ours.) Section 1012 permits service by
mail, and section 1013 provides that service by mail "is com-
plete at the time of the deposit" in the post office, "but if,
within a given number of days after such service, a right
may be exercised . . . the time within which such right may
be exercised . . . is extended one day, together with one day
additional for every full one hundred miles distance between
the place of deposit and the place of address . . . ".

As will be noted from the above table of dates, the notice
of entry of judgment was mailed from Redwood City on May
13th. If the service is complete when mailed, as provided
by section 1013, *supra,* and if that section is here applicable,
the ten-day period within which to move for a new trial would
expire May 24th—ten days from May 13th, plus one day
mailing time as provided in the section. In that event, the
notice of motion of intention to move for a new trial, having
been filed on May 25th, was filed too late, and the appeal,

not having been taken within the time provided by section 939 of the Code of Civil Procedure, must be dismissed.

As also shown by the above table of dates, the notice of entry of judgment was not *received* at the office of appellants' attorneys until Monday, May 15th, no mail having been delivered on Sunday, May 14th. If the ten-day period is to be computed from the date the notice of entry of judgment was received at the attorneys' office, the notice of motion for a new trial having been filed within ten days thereafter, was filed in time, and, as a result, the time for appeal was properly extended, and the appeal taken within time.

The specific question as to whether the words ''within ten (10) days *after receiving written notice* of the entry of the judgment'' in section 659 of the Code of Civil Procedure, mean that the ten-day period commences to run after physical delivery of the notice at the attorneys' office, or whether the period is computed as provided in section 1013 of that code, seems never to have been passed on in this state.

There would seem to be little doubt that, if the only section of the code we are here called upon to construe were section 659, the words ''after receiving written notice'', etc., would necessarily be interpreted to mean that the time started to run from the day such notice was physically delivered. The word ''receive'', in its commonly accepted meaning, carries with it the concept that something has been physically delivered, or placed in the hands of the recipient. The concept that something has been ''received'' when it is deposited in the mail, is an artificial concept, and one that is certainly not in accordance with the general and common understanding of the term. The legal definition of the term ''receive'', seems to be in accord with the general and common meaning of the word. In *Barr* v. *Geldziler,* 108 N. J. L. 397 [156 Atl. 644], the court stated (p. 645) : ''The time began to run from the receipt by him of the notification; it was received, within the meaning of the law, when it was delivered to his office either by messenger or by mail. . . . ''

Respondent argues that, under sections 1012 and 1013, written notice of entry of judgment may be served by mail (which contention is correct), and that under section 1013 the service of the notice is complete when mailed, and that time runs as therein provided. In other words, it is urged

that section 1013 defines when notices required by section 659 are to be deemed received. With this contention we cannot agree. Section 1010 of the Code of Civil Procedure expressly provides that notices may be served as provided in chapter 5 of part 2, title 14, only when ''not otherwise provided by this code''. We think that the legislature, by the use of the words ''after receiving'' in section 659 of the Code of Civil Procedure, clearly expressed the intent that the ten-day period within which to move for a new trial should not start to run until physical delivery of the written notice of entry of judgment. This construction of the statute is compelled by at least four different considerations:

In the first place, it is a well-settled and sound rule of construction that a section of the code referring specifically to a matter, as does section 659, takes precedence over a general section, such as section 1013. (*Tousley* v. *Dishman,* 90 Cal. App. 759 [266 Pac. 373] ; *Estate of Dolbeer,* 153 Cal. 652 [96 Pac. 266, 15 Ann. Cas. 207].) This rule of construction is codified in section 1859 of the Code of Civil Procedure, which provides, in part, that in construing a statute, ''when a general and [a] particular provision are inconsistent, the latter is paramount to the former''.

In the second place, in construing a statute, non-technical words should be given, if possible, their ordinary and general meaning. (*People* v. *Stanley,* 193 Cal. 428 [225 Pac. 1] ; *Corbett* v. *State Board of Control,* 188 Cal. 289 [204 Pac. 823] ; *Universal Pictures Corp.* v. *Superior Court,* 9 Cal. App. (2d) 490 [50 Pac. (2d) 500] ; sec. 16, Code Civ. Proc.) As already pointed out, the ordinary and usual meaning of the term ''receive'' is that something has been taken into possession. The word clearly implies a delivery.

In the third place, if there is any ambiguity in a statute pertaining to the right of appeal, that construction should be adopted that protects the right of appeal. The policy of the law favors the hearing of appeals on their merits. (*Manning* v. *Gavin,* 14 Cal. (2d) 44 [92 Pac. (2d) 795] ; *Lewith* v. *Rehmke,* 217 Cal. 563 [20 Pac. (2d) 687] ; *Wood* v. *Peterson Farms Co.,* 214 Cal. 94 [3 Pac. (2d) 922] ; *Banta* v. *Siller,* 121 Cal. 414 [53 Pac. 935].)

In the fourth place, the history of section 659 of the Code of Civil Procedure demonstrates that the legislature,

by the use of the words "after receiving", in that section must have intended that the time for filing the notice of intention to move for a new trial should not start to run until after physical delivery of notice of entry of judgment. Section 659, as originally enacted in 1872, fixed the time to move for a new trial as "within thirty days after the decision or verdict". In 1874 the time was changed to "within ten days after the verdict of the jury . . . or after notice of the decision of the court . . . ". Under section 659 as it read in 1874, and as it read until 1907, it was held that sections 1010 and 1013 of the Code of Civil Procedure were applicable to notices of intention to move for a new trial, and that the time began to run from deposit of the notice in the mail, calculated according to the liberal provisions of section 1013 as they then read. (*Sullivan* v. *Wallace,* 73 Cal. 307 [14 Pac. 789]; *Estate of Richards,* 154 Cal. 478 [98 Pac. 528].) In 1907 section 659 was again amended to provide that the ten-day period should start to run "after receiving notice of the entry of the judgment", and in 1915 it was provided "The time above specified shall not be extended by order or stipulation." In 1929 the section was again amended to require that the notice given must be a "written" notice, and in the same year section 1013 was amended to provide that one day should be added for every one hundred miles instead of for every twenty-five miles as was formerly the case.

From these amendments it will be seen that there has been a constant and progressive attempt to protect the appellant's right of appeal, while still protecting respondents against unreasonable delay. It also seems to us that the legislature by these amendments has clearly indicated its intention to make section 659 wholly self-sufficient and independent of section 1013. The legislature has clearly indicated by these various amendments that to start the time running, the notice must be physically received. If respondent's contentions were correct, if the notice were lost in the mails, the time would run, even though the attorney for the appellant never received the notice, because, it has been held, that with notices mailed under section 1013 the addressee incurs the risk of the failure of the mail. (*McKeon* v. *Sambrano,* 200 Cal. 739 [255 Pac. 178].)

For the foregoing reasons the motion to dismiss the appeal is denied.

Ward, J., and Goodell, J., *pro tem.*, concurred.