[Civ. No. 13519. Second Dist., Div. Three. Dec. 19, 1942.]

DEPARTMENT OF SOCIAL WELFARE OF THE STATE OF CALIFORNIA, Respondent, v. N. S. GANDY et al., as Executors, etc., Appellants.

Richard K. Gandy for Appellants.

Earl Warren, Attorney General, and Alberta Belford, Deputy Attorney General, for Respondent.

SCHAUER, P. J.—Defendants have appealed from the order granting plaintiff's motion for a new trial. As ground for reversal it is urged that the trial court had no jurisdiction to make the order in that plaintiff's notice of intention to move for a new trial, which constitutes the motion (Code Civ. Proc., § 659), was filed more than ten days after service on plaintiff of written notice of entry of judgment. The argument resolves itself into the question: Does the evidence fail, as a matter of law, to support the implied finding that the notice of intention was in fact filed by plaintiff "within ten (10) days after receiving written notice of the entry of judgment"? We fail to find support for such finding.

Although the record before us does not purport to constitute either a bill of exceptions or a reporter's transcript, which are the only methods provided by law for presenting the evidence in a record on appeal (2 Cal.Jur. p. 486, § 233, and p. 604, § 326), it is certified by the trial judge and, at the oral argument, was stipulated to contain "all of the evidence upon which the trial court acted in granting the motion for a new trial." It discloses that the judgment was entered November 12, 1941, and that on November 14, 1941, notice of such entry was served by mail. Defendants' attorney had his office in Santa Monica, California, and the office of plaintiff's counsel was at Los Angeles. The affidavit of an employee of defendants' attorney states "that on the 14th day of November, 1941, affiant served the within Notice of entry of judgment on the plaintiff in said action, by placing a true copy thereof in an envelope addressed to the attorney of record for said plaintiff at the office address of said attorney, as follows: (Here quote from envelope name and address of addressee.) 'Alberta Belford, Deputy Attorney General, State Building, Los Angeles, Cal.;' and by then sealing said envelope and depositing the same, with postage thereon fully prepaid, in the United States Post Office at Santa Monica, California, where is located the office of the

attorney for the person by and for whom said service was made.'' The notice of intention to move for a new trial was filed on December 1, 1941—seventeen days after the mailing of the notice of entry of judgment.

█ The court will take judicial notice of the fact that Santa Monica is less than 100 miles from Los Angeles. As to notices generally, when served by mail between Santa Monica and Los Angeles, service would be complete at the time of deposit in the mail, and an act which, on personal service, would have to be done within ten days, would be valid if done on the eleventh day (Code Civ. Proc., § 1013) ; and in this case, since Thanksgiving Day (November 20, 1941) intervened, the act could have been done on the twelfth day (Code Civ. Proc., § 12a, subd. (b)). These two extensions still apparently fail by five days to bring the plaintiff's act within the statutory period.

█ Plaintiff argues, however, in effect, that it is not the *mailing* but the *receipt* of notice which is material in the matter here involved, that the provisions of section 1013 of the Code of Civil Procedure and the time of *deposit* of the notice in the mail are immaterial, and that the matter in question is governed solely by section 659 of the Code of Civil Procedure. The last mentioned section provides that, ''The party intending to move for a new trial must, either before the entry of judgment or within ten (10) days after *receiving** written notice of the entry of the judgment, file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial. . . . '' Supporting its theory that it is the actual *receipt* of the notice and not the date of mailing which sets the time to running, plaintiff cites the case of *Labarthe* v. *McRae,* (1939) 35 Cal.App.2d· 734 [97 P.2d 251].

The fatal weakness in plaintiff's position, however, is that even if we assume the rule to be as declared in the cited case the evidence still does not show that plaintiff's action was timely. In support of defendants' factual claim that the notice of entry of judgment is shown to have reached plaintiff's counsel more than ten days before December 1 (the date the notice of intention to move for a new trial was filed), it must be recognized that the averment in the affidavit of the employee of defendants' attorney that the notice was mailed

*All italics within quotations are added.

on the 14th of November is unchallenged. Also it is admitted that the notice so mailed was received at the office of plaintiff's counsel. The sole point of argument is the date it was received *at the office,* as to which date there is no direct evidence.

A deputy attorney general handling the case—to whom the notice was addressed—made affidavit that "she received the notice of entry of judgment . . . for the first time on Monday, November 24, 1941," but her affidavit further shows that she received such notice from another employee of the office who acted as her secretary. Such secretary, it appears inferentially from the affidavits and it was admitted at the oral argument, had previously received such notice from some other employee in the office of the attorney general who in turn, still previously, had received it from the postman. *The employee who first received the notice from the postman was not produced as a witness nor was any affidavit of such employee filed.* Delivery to this employee or deposit of the mail at any usual place in the office would be the legal equivalent of delivery to the addressee in person. It would scarcely be contended that a deputy attorney general, assigned to a particular case, could prolong the time for filing notice of intention to move for a new trial by absenting himself from the office of the attorney general at and after the time a notice of entry of judgment is received at the office or that the time would be extended to the extent of the delay after delivery at 'the office in getting the mail into the hands of the addressee.

 Plaintiff places much reliance on the affidavit of the secretary stating the usual course of business in the office of the attorney general and the practice with respect to stamping the date of receipt on documents. The statement is, "That in the regular course of the *business of the office of the Attorney General,* all mail addressed to the Attorney General *for the attention of Alberta Belford* is delivered unopened to your affiant, that your affiant thereupon promptly opens the said mail and places thereon the date by means of a date stamp regularly used by her for that purpose; that said date stamp is regularly changed every morning so as to stamp the correct date. . . . That your affiant has no personal recollection of the arrival or receipt of said notice of entry of judgment, or of the stamping of the date thereon by your affiant . . . ; that in the regular course of business the said

notice would have been promptly stamped by your affiant with the correct date." The date stamped on the notice was "NOV 21 1941" but several ink lines appear to have been drawn through the figure "21" and the figure "23" has been inserted in ink. The secretary, in her affidavit, stated that all of the ink marks were in her handwriting but that she had no recollection of making the same. November 23, 1941, was a Sunday—the Sunday after Thanksgiving Day. Largely by way of conclusion or opinion the secretary further avers, "That upon examining the date stamp upon said notice of entry of judgment your affiant *believes* that said notice was received *by her* on Monday, November 24, 1941; that neither your affiant nor Alberta Belford was in the office on Saturday, November 22, 1941, the Saturday after Thanksgiving; that it is *most probable* that said notice of entry of judgment was received in the mail by the office on Saturday, November 22, 1941. . . . "

Respondent plaintiff has not suggested it, but, in scrutinizing the record for some view of the evidence which would support the order, we have observed that on plaintiff's theory of the law plaintiff could concede receipt of the notice of entry of judgment as early as Wednesday, November 19, 1941, and still have the filing on December 1, 1941, of its notice of intention to move for a new trial, held timely. We point out that by reason of the intervention of Thanksgiving Day (November 20, 1941) and the fact that by virtue of the provisions of subdivision (b) of section 12a of the Code of Civil Procedure such a proclaimed holiday is excluded in counting the time provided by law within which an act may be performed, the tenth day (not including Thanksgiving Day in the counting) after Wednesday, November 19, 1941, was Sunday, November 30. Subdivision (a) of said section 12a of the Code of Civil Procedure provides that an act may be done on the next day which is not a holiday if the last day of the period prescribed for doing the act falls on a holiday. Hence, under the theory of the cited case (*Labarthe* v. *McRae*, (1939) 35 Cal.App.2d 734 [97 P.2d 251]) plaintiff's notice of intention, filed December 1, was timely if the defendants' notice of entry of judgment was not delivered at the office of plaintiff's counsel prior to Wednesday, November 19. We have sought in vain to find something more than mere conjecture or surmise to support the trial court's implied find-

ing that the notice mailed in Santa Monica on the 14th of November was not delivered at the attorney general's office in Los Angeles until five or more days later.

Aside from the fact that the matter involved is not a proper one for opinion evidence (Code Civ. Proc., § 1870, subd. 9) the principal weakness of the affidavit of the secretary hereinabove quoted from is its failure to show any means of knowledge on her part of the date the document was delivered by the postman to *the office* of the attorney general. The affidavit does not affirmatively state that the affiant was present in the office on Friday, November 21, or Thursday, November 20 (Thanksgiving Day), on the 19th, or, indeed, on any day during that week. The statement of the secretary's conclusion as to the "most probable" date of receipt of the notice of entry of judgment in the office and her conjectured explanation of the stamping and "correcting" of the date placed thereon, are opinions and surmises not of themselves entitled to any weight as evidence and they are not shown to be predicated on facts which justify as an inference the conclusion advanced. The facts which do appear are that the notice was delivered by the postman at the office of plaintiff's counsel to some unidentified person some time before such notice came to the secretary's attention and before the date stamp was placed thereon, that *no record was made of the date of delivery to the office,* that the date on the stamp that was placed on the document when it reached the secretary was incorrect, and that the inked date inserted in "correction" thereof was also incorrect. Furthermore, it appears that the practice in the office was for the secretary to stamp on documents the date *she* received them from someone else *in the office*—not the date they were delivered *by mail to the office*. The secretary is not shown to have had any knowledge or means of knowledge of the date when mail was delivered to the office by the postman. The record is entirely silent as to the process by which mail delivered at the office reached the secretary except for the statement, "That in the regular course of the business of the office . . . all mail addressed to the Attorney General *for the attention of Alberta Belford* is delivered unopened to your affiant." Whose duty it was to originally sort the mail delivered at the office, pick out that addressed "for the attention of Alberta Belford," and deliver it unopened to the affying secretary, the evidence does not dis-

close. Neither is it stated whether the person having such duty to perform was present in the office on the material dates or whether there was any substantial lag in his handling of mail. No explanation has been offered for the failure to produce as a witness the person originally receiving mail in the office. There is a presumption ''That higher evidence would be adverse from inferior being produced.'' (Code Civ. Proc., § 1963, subd. 6.)

■ The showing by defendants that the notice of entry of judgment was duly mailed in Santa Monica on November 14, 1941, establishes, prima facie, that it was received at the office of the addressee in Los Angeles on the day following. (Code Civ. Proc., § 1013, and § 1963, subd. 24.) In this case the affidavit of the employee of defendants' counsel that the letter was properly addressed and mailed is corroborated by the fact that admittedly it was received (some time) by the plaintiff's counsel. The fact that it was mailed on the 14th of November seems also indubitably established in that the affidavit of service stating the fact is not challenged, it was sworn to on November 14, and it was endorsed as filed by the clerk of the court on November 15.

■ From the facts shown, the deduction that the notice of entry of judgment arrived at the office of plaintiff's counsel in Los Angeles prior to a date five days later than the date it was mailed in Santa Monica is evidence which is not overcome by the mere surmise, conjecture, or opinion of a person employed in that office, who admittedly was absent therefrom during part of the elapsed time, who is not the person to whom the mail was originally delivered by the postman, and who is not shown to have had any means of knowing when such mail actually was delivered.

■ New trial proceedings are statutory and the provisions of the statute must be strictly followed if the right of the litigant to invoke such procedure is to be exercised. (*Prothero* v. *Superior Court*, (1925) 196 Cal. 439, 444 [238 P. 357].) ■ A notice of intention to move for a new trial, filed more than ten days after receipt of notice of entry of judgment, is too late to give the court jurisdiction to grant the motion. (*Bank of America etc. Assn.* v. *Superior Court*, (1931) 115 Cal.App. 454, 459 [1 P.2d 1081].)

The order appealed from is reversed.

Shinn, J., and Shaw, J. pro tem., concurred.