[Civ. No. 5982.   Fourth Dist.   Nov. 24, 1958.]

GERALDINE FITZGERALD SMITH et al., Appellants, v. BIG HORN MINING COMPANY (a Corporation) et al., Respondents.

Leo Fried, Melvin M. Belli, Willis Smith and Robert H. Kroninger for Appellants.

Henry Mack, Mack, Bianco, King & Eyherabide for Respondents.

GRIFFIN, P. J.—Plaintiffs brought this action for damages against defendants. It resulted in a jury verdict for defendants, judgment upon which was entered on June 11, 1958.

According to the clerk's certificate on file in connection with the motion of defendants to dismiss the appeal, it shows a written notice of entry of said judgment was filed on June 16, 1958, in said action in Independence, Inyo County, where the case was tried. Attached to the written notice of entry was an affidavit of service by mail, stating that a copy of said notice of entry of judgment was mailed by the attorneys for the defendants to the attorneys for the plaintiffs on June 12, 1958. The clerk's record also shows that on June 23, 1958, plaintiff filed a notice of intention to move for a new trial; that said motion was heard on July 18, 1958, and it was ordered submitted; that the court did not make any ruling on said motion then nor at any other subsequent time; that on September 16, 1958, a notice of appeal, dated September 16, 1958, was filed herein; that on September 22, 1958, a notice to prepare a clerk's and reporter's transcript was filed by plaintiffs and that the record has not been prepared pursuant to said demand.

On October 3, 1958, defendants filed a notice that they would move to dismiss the appeal on October 14, 1958, based upon the papers and files of record, the certificate of the clerk and affidavit of counsel for defendants claiming that the notice of appeal was filed too late, citing such authority as *Estate of Hanley,* 23 Cal.2d 120, 122 [142 P.2d 423, 149 A.L.A. 1250]; *Bryant* v. *Los Angeles Transit Lines,* 116 Cal. App.2d 473 [253 P.2d 731]; *Kientz* v. *Harris,* 117 Cal.App.2d 810 [257 P.2d 44]; and rule 3, subdivision (a), Rules on Appeal [36 Cal.2d 2] which provides:

"When a valid notice of intention to move for a new trial is served and filed by any party within 60 days after entry of judgment, (1) if the motion is denied, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after neither entry of the order denying the motion or denial thereof by operation of law; . . ."

The notice of intention to move for a new trial filed June 23, was clearly within the time permitted by section 659 of the Code of Civil Procedure. (*Radford* v. *Crown City*

504

*Lumber & Mill Co., ante,* p. 18 [331 P.2d 438] [Second District Court of Appeal No. 23249, filed Nov. 10, 1958.] Section 660 of the Code of Civil Procedure includes the exception:

"Except as otherwise provided in section 12a of this code, the power of the court to pass on motion for a new trial shall expire sixty (60) days from and after service on the moving party of written notice of the entry of the judgment, or if such notice has not theretofore been served, then sixty (60) days after filing of the notice of intention to move for a new trial. If such motion is not determined within said period of sixty (60) days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court."

From the record thus far produced it is clear that since a written notice of entry was served, the court's power to pass on the motion expired 60 days after service on the moving party of written notice of entry. This raises the question: When was the notice of entry of judgment served on plaintiffs herein? Under section 1013 of the Code of Civil Procedure service is complete at the time of the deposit, where service is by mail, but if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act may be done, is extended one day, together with one day additional for every full 100 miles distance between the place of deposit and the place of address, if served by different post offices. It was agreed that the distance between the office of defendants' attorney in Bakersfield and that of plaintiffs' attorney in San Francisco was approximately 293 miles. Assuming that a true copy of the original notice of entry of judgment was mailed in Bakersfield on June 12th, the date shown thereon, addressed to the attorneys for plaintiffs, then the notice of appeal was filed too late to be effective, if service was complete on the day of mailing. (*Traders Credit Corp.* v. *Superior Court,* 111 Cal.App. 663 [296 P. 99].)

The power of a trial court to pass on a motion for new trial expires 60 days after the mailing of the notice of entry of judgment. Under this theory the time for filing a notice of appeal was extended for 30 days thereafter or to Wednesday, September 10th. The notice of appeal was filed September 16th and would be too late. If we add the additional

time provided in section 1013 of the Code of Civil Procedure (3 days) the filing would still be too late.

After the filing of the motion to dismiss the appeal herein, the matter was placed on the calendar for October 14th. Plaintiffs failed to file or make any countershowing up to that time. A continuance was granted, by consent of defendants, to November 12th. On November 10th, for the first time, counsel for plaintiffs filed an affidavit in opposition to the motion, alleging that a copy of the notice of entry of judgment was delivered by the United States mail on June 18th; that he believed that two days would be the normal course of mail between Bakersfield and San Francisco; that contrary to the affidavit of counsel for defendants and his secretary, he believed and therefore alleged that in truth and in fact such notice of entry of judgment was in fact mailed on June 16th; that on June 18th there was contained in said envelope a copy of a cost bill and that affixed to it was an affidavit of service by mail of such cost bill declaring it was served by mail on June 16th and such letter was delivered to him on June 18th, 1958.

Opposed to this affidavit is the affidavit of the clerk of Inyo County showing that the original notice of entry was filed there on June 16th, and it contained an affidavit that on June 12th a copy of said notice was mailed to the attorneys for the defendant. It was also agreed at this hearing that the clerk's docket showed the filing of said notice on June 16th and the filing of the cost bill on June 17th. The secretary for defendants' counsel stated she distinctly remembered counsel for defendants returning from Inyo County on Thursday, June 12th, after the trial, and he directed her to immediately serve notice of entry of judgment on plaintiffs' attorney and that she immediately prepared an original, as well as a white and yellow carbon of it on June 12th, attached to which was an affidavit of service by mail, and she did, on June 12th, mail the original to the clerk and deposited a copy and the notice of service by mail in an envelope and deposited it in the United States mail on said day; that there were at least three pickups from said mail box each day, the latest being about 7 p. m.; that she did not work on Saturday, June 14th, or Sunday, June 15th, and from her experience the mail directed to San Francisco from there would ordinarily arrive the following day. This affidavit is verified by the affidavit of counsel for defendants. He stated that on June 12th he instructed his secretary to pre-

pare and mail a notice of entry of judgment to plaintiffs; that he signed such notice of entry on June 12th, the same date shown thereon, and instructed her to mail the original to the clerk at Independence, in the county of Inyo, a distance of 191 miles, and she did so; that ordinarily it takes two days, or occasionally one day for a letter to travel there by mail; and for a notice of entry of judgment to be filed there on June 16th, it would have been necessary for it to be mailed by at least Friday, the 13th of June; that he knows of his own knowledge that his secretary did mail said copy to plaintiffs' attorneys on June 12th, as stated by her; that a copy of her affidavit of mailing was enclosed with the notice of entry of judgment to plaintiffs' attorney and it showed on its face that it was mailed on June 12th by said secretary, and plaintiffs' counsel never thereafter questioned that fact nor made any endeavor to ascertain the correct date of mailing until November 10th; and that on June 16th he did cause to be prepared and separately mailed a memorandum of costs.

■ While it is the general policy of the court to encourage hearings of appeals on their merits and a dismissal on technical grounds is not favored (4 Cal.Jur.2d 336, § 497), in determining the question of the jurisdiction of this court to entertain the appeal, there is a clear and positive statement by counsel for defendants and his secretary that the copy was mailed to plaintiffs' counsel on June 12th. The affidavit of service accompanying such notice so stated and apparently counsel for plaintiffs had every opportunity, as early as June 18th, of noting this statement of fact by her and no correction of the record in this respect was attempted. The clerk's record shows the receipt and filing of the original on the 16th of June, reciting that a copy had been mailed to plaintiffs' counsel on June 12th. Plaintiffs' counsel concedes the original was probably mailed to the clerk on the 12th. It would naturally follow that a copy would be sent to counsel for plaintiffs at the same time, as indicated by the affidavit. Plaintiffs' counsel here filed no opposition to the motion in reply to all this showing until November 10th, two days before the hearing on said motion. His affidavit is that he did not receive the notice until June 18th (which may be correct), and inferred from that and other circumstances that it was not in fact mailed until the 16th. ■ It is a rule that positive statements in an affidavit should prevail over mere inferences contained in an affidavit to the contrary. (*Brandenstein* v. *Johnson*, 134 Cal. 102 [66 P. 86].)

Accordingly, we conclude, that by the record, defendants have met the burden imposed upon them and this court is without jurisdiction. (*Millsap* v. *Hooper*, 34 Cal.2d 192 [208 P.2d 982]; *Fritz* v. *Foote*, 162 Cal.App.2d 622 [328 P.2d 522].)

Appeal dismissed.

Shepard, J., and Coughlin, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.