[Civ. No. 6016.   Fourth Dist.   Apr. 10, 1959.]

FRED W. HINRICHS, Appellant, v. EARL MALONEY, Respondent.

J. E. Hahesy for Appellant.

Nathan Guthertz and Allan S. Mason for Respondent.

GRIFFIN, P. J.—On December 17, 1957, the jury in this action for false arrest and imprisonment, returned a verdict for the plaintiff-appellant and against the defendant-respondent in the sum of $3,000. This verdict was filed and entered in the judgment book on December 18, 1957. The subsequent series of events in chronological order were these: The plaintiff filed a notice of entry of judgment and a copy was mailed to the attorneys for the defendant, at Fresno, on December 18, 1957. Defendant filed notice of intention to move for a new trial on January 3, 1958. It was heard and denied by minute order on February 14, 1958. Apparently, without a motion, on March 7, 1958, an order was made and entered in the clerk's minutes vacating the minute order of February 14, 1958, denying a new trial. It also granted defendant's motion for a new trial. A written order was filed specifying that the new trial was granted on the ground of the insufficiency of the evidence to sustain the verdict. On March 20, 1958, plaintiff filed a notice of motion to set aside the order granting a new trial on the ground that it was void. Defendant's attorney filed affidavits in which he stated that he could not say with any certainty on what date he received notice of entry of judgment but that he believed he had filed his motion for new trial in time; that mails are sometimes delayed for as much as a week during the holiday season and that he was convinced that the notice of entry of judgment could not have been received before December 23 or 24, 1957. An order based on said affidavits was, on August 28, 1958, made and entered upon the clerk's minutes denying defendant's motion for a new trial. On September 10, 1958, a minute order was made vacating and setting aside the minute order of August 28, 1958, and denying plaintiff's motion to vacate the order granting a new trial. None of the orders made subsequent to the minute order of February 14, 1958, purport to correct that order *nunc pro tunc*, as being incorrectly entered due to clerical error.

Except as otherwise provided in section 12a of the Code of Civil Procedure, under section 660 thereof, the power of the court to pass upon a motion for new trial expires 60 days from and after service upon the moving party of written

notice of entry of the judgment, or if such notice has not theretofore been served, then 60 days after the filing of the notice of intention to move for a new trial. If such motion is not determined with.in said period of 60 days or within said period as thus extended, the effect shall be a denial of the motion without further order of the court.

■ It is apparent that the order of March 7, 1958, was made more than 60 days after notice of the entry of judgment was served and more than 60 days after defendant's notice of intention to move for a new trial was filed. This order was in excess of the court's jurisdiction and void. (*Caldwell* v. *Geldreich,* 137 Cal.App.2d 78 [289 P.2d 832] ; *Smith* v. *Big Horn Mining Co.,* 165 Cal.App.2d 502 [332 P.2d 191].)

Recognizing this inevitable result in the present state of the record, defendant contends that the March 7, 1958, order was an attempt to correct, *nunc pro tunc,* the minute entry of an order given February 14, 1958. The record does not support this contention. Nowhere is there an indication that the clerk erred in making his entry in the minutes on February 14, 1958, or that the court intended its order of March 7, 1958, to be treated as being effective as of the earlier date.

■ Plaintiff also contends that the notice of intention to move for a new trial was filed after a lapse of the jurisdictional 10-day period after defendant received notice of the entry of the judgment, citing sections 659 and 1013 of the Code of Civil Procedure and *Department of Social Welfare* v. *Gandy,* 56 Cal.App.2d 209 [132 P.2d 241]. These contentions have merit and furnish additional grounds for holding that the minute order of February 14, 1958, denying a new trial was final and was not entered through clerical error.

■ The last point to be considered is the propriety of the trial court's attempted reversal of its decision of February 14, 1958. When a motion for a new trial has been properly made and noticed and the court has ruled on the motion, the order regularly made is conclusive so far as the court making it is concerned unless the order, as entered by the clerk, is not the order made by the court. (*Drinkhouse* v. *Van Ness,* 202 Cal. 359 [260 P. 869] ; *Stevens* v. *Superior Court,* 7 Cal.2d 110 [59 P.2d 988] ; vol. 2, Stanbury, California Trial and Appellate Practice, § 832, pp. 77 and 78; vol. 3, Witkin, California Procedure, Attack on Judgment in Trial Court, § 44(a), p. 2095.)

The purported order of March 7, 1958, attempting to grant a new trial was ineffective. Orders granting a new trial and denying plaintiff's subsequent motion to set it aside reversed.

Mussell, J., and Shepard, J., concurred.