### In re Catherine HERNANDEZ, Debtor.

#### No. 00–11545.

United States Bankruptcy Court,
N.D. California.

Feb. 6, 2001.

Edmund B. Dechant, Law Offices of Edmund B., Santa Rosa, CA, for Debtor.

Michael H. Meyer, Santa Rosa, CA, trustee.

### *Memorandum re Objection to Claim # 2*

ALAN JAROSLOVSKY, Bankruptcy Judge.

Creditor WFS Financial sold the debtor's repossessed vehicle 17 days after giving the debtor a statutory notice pursuant to California Civil Code § 2983.2(a), which mandates a 15–day notice period. The debtor has objected to its deficiency claim, alleging that she was entitled to 20 days notice because WFS elected to serve her by mail. Section 2983.2(a) provides, in pertinent part:

> [A]t least 15 days' written notice of intent to dispose of a repossessed ... motor vehicle shall be given.... The notice shall be personally served or shall be sent by certified mail, return receipt requested, or first-class mail, postage prepaid....

In addition, the statute provides that the debtor is not liable for a deficiency unless the notice contained nine items of detailed information. Subsection (6) requires the notice to state "the seller or holder's intent to dispose of the motor vehicle upon the expiration of 15 days from the date of giving or mailing the notice, or if by mail and either the place of deposit in the mail or the place of address is outside of this state, the period shall be 20 days instead of 15 days, and further, that upon written request to extend the redemption period and any applicable reinstatement period for 10 days, the seller or holder shall without further notice extend the period accordingly."

It is clear that the notice given by WFS complied with the statute, and that the statute provides for additional time only if service is by mail and the debtor lives in another state. Nonetheless, the debtor argues that she was entitled to 20 days' notice pursuant to Code of Civil Procedure § 1013, which provides:

(a) In case of service by mail, the notice or other paper must be deposited in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service by mail; otherwise at that party's place of residence. The service is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after the service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five days, upon service by mail, if the place of address is within the State of California, 10 days if the place of address is outside the State of California but within the United States, and 20 days if the place of address is outside the United States, but the extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal. *This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court.* [emphasis added]

The answer to the debtor's argument is the last sentence of § 1013(a), which provides that the extension it calls for does not apply to another statute which contains a "specific exception." While § 2983.2(a) does not refer to § 1013(a) by section number, it does contain a specific notice provision which covers the same subject as § 1013(a) and provides for a different time period. It is clear that the California legislature intended the specific notice provisions of subsection (6) of § 2983.2(a) to govern notices after repossession, and not the general notice provisions of § 1013(a). In such instances, the specific provisions of a special statute take precedence over the general provisions of § 1013(a), even if the latter is not specifically mentioned. *Labarthe v. McRae* (1939) 35 Cal.App.2d 734, 738, 97 P.2d 251. *See also Losornio v. Motta* (1998) 67 Cal.App.4th 110, 115, 78 Cal.Rptr.2d 799.

For the foregoing reasons, the objection to claim # 2 of WFS Financial will be overruled and the claim allowed as filed. Counsel for WFS Financial shall submit an appropriate form of order.