Filed 11/26/14  Sumrall v. Winco Foods CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| APRIL SUMRALL, | D066360 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. RIC504899) |
| WINCO FOODS, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Riverside County, John G. Evans, Judge.  Affirmed.

Biren/Katzman and Matthew B. F. Biren for Plaintiff and Appellant.

Nisson, Pincin & Hill, James W. Pincin and Duane H. Timmons for Defendant and Respondent.

Plaintiff April Sumrall appeals a judgment entered on a jury verdict in favor of defendant Winco Foods, LLC (Winco), in her personal injury action against it.  On appeal, she contends the trial court prejudicially erred by excluding deposition testimony

of Winco's expert witness, who resided more than 150 miles from the trial location and was not called by Winco to testify at trial.

FACTUAL AND PROCEDURAL BACKGROUND

At about 1:00 p.m. on February 22, 2008, Sumrall entered a Temecula grocery store operated by Winco. It had rained all morning that day. After apparently walking through a carpeted foyer/cart room, she stepped onto the painted concrete floor inside the store. She slipped, fell, and was injured.

Sumrall filed a personal injury action against Winco, alleging it was negligent by allowing rain water to accumulate on the store's concrete floor, making it slippery and dangerous. On December 13, 2011, Michael Stapleford, Winco's expert, was deposed in California. Counsel for Sumrall and Winco were present. At his deposition, Stapleford testified he lives in the State of Washington. On November 16, 2011, he went to the store and inspected its floor. Based on his inspection, he concluded the "floor offers adequate traction when it's dry. It is slippery when it's wet." As part of his inspection, he performed a coefficient of friction test, or "slip index," using a tribometer. His wet floor tests, performed with water completely covering the floor, showed the floor was "in the slippery range" with coefficients of friction ranging from 0.10 to 0.16.[1] He believes the threshold for slipping is 0.43, meaning there would be no chance of anyone slipping. In

---

[1] He also tested the floor when it was only "damp," resulting in coefficients of friction of 0.19 and 0.32.

comparison, the American National Standards Institute (ANSI) apparently uses a standard of 0.5.  He believes that a floor becomes "slippery" in the range of 0.2 to 0.3.

At trial, Sumrall presented the testimony of Bethany Thompson, a Winco employee at the Temecula store.  Thompson testified she had been taught that Winco's floors are slippery when wet.  Winco presented the testimony of Rudy Morfin, the Temecula store's manager, who testified the store's maintenance department kept a "sweep log," to ensure the floors were clean, free of debris, and safe.  The sweep log showed that on February 22, 2008, an inspection was performed at 12:43 p.m. and Sumrall fell at 1:01 p.m. that day.  On cross-examination by Sumrall, Morfin testified he endeavored to keep the store's floors dry because he recognized that a wet floor was a slip hazard to customers.  A videotape from the store's security camera showing Sumrall's fall was played for the jury.  Sumrall also presented the testimony of Vojislav Banjac, a risk and safety scientist, regarding his opinion on the cause of her slip and fall.  Based on his viewing of the videotape and inspection of the site, Banjac stated her fall was caused by a loss of traction followed by a loss of stability.  He did not perform a slip resistance test on the store's floor.  Banjac stated that water could cause a lack of traction on the floor.

During trial, Winco apparently informed Sumrall it did not intend to call Stapleford as one of its defense witnesses.  Out of the jury's presence, Sumrall requested that the trial court allow her to read into evidence certain excerpts from Stapleford's deposition testimony because he resided out of state and was unavailable as a witness. Winco objected to admission of that evidence, arguing Stapleford was not unavailable.

3

The trial court asked Sumrall for authority for reading the deposition testimony. Sumrall replied that Stapleford testified at his deposition that he resided in the State of Washington and no longer had a business office in Huntington Beach. She also argued Stapleford was outside the subpoena power and was unavailable. Citing Code of Civil Procedure[2] former section 2025, she argued she should be allowed to present Stapleford's sworn deposition testimony regarding his test results, which were favorable to her. The court stated:

> "This is something that just seems inherently unfair to me that, to allow this type of testimony to come in on the last day of trial when it might be difficult for [Winco] to get the person here in court to testify. And the reason for that is is that . . . it's not uncommon in civil cases that when the deposition of an expert is taken that the party who hires the expert will not cross-examine his own expert at the time of the deposition, and so even though . . . [Winco] would have been present at the time, this isn't a third party witness. This is really an expert witness. So my ruling's going to be that I'm not going to allow you to do that."

Shortly thereafter, Sumrall rested her case in chief.

By a vote of 11 to 1, the jury returned a special verdict finding Winco was not negligent in the use or maintenance of its property. The trial court entered judgment for Winco. Sumrall filed a motion for new trial, arguing the court prejudicially erred by excluding Stapleton's deposition testimony, thereby precluding Banjac from relying on Stapleton's coefficient of friction test results to testify that the floor was extremely slippery, or "slippery as ice," when wet. Winco opposed the motion. At the hearing on

---

[2] All statutory references are to the Code of Civil Procedure unless otherwise specified.

4

Sumrall's motion for new trial, the trial court concluded it had not erred by excluding Stapleton's deposition testimony and, even if it had erred, the error was harmless in the circumstances of this case. On August 15, 2012, the court entered an amended judgment in favor of Winco. Sumrall timely filed a notice of appeal.

## DISCUSSION

## I

### *Admission of Deposition Testimony Generally*

In general, all relevant evidence is admissible at trial. (Evid. Code, § 351.) "Relevant" evidence includes evidence "having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.) Deposition testimony of witnesses, if relevant, may be admitted at trial in certain circumstances. (§ 2025.620.) Section 2025.620 provides:

> "At the trial or any other hearing in the action, any part or all of a deposition may be used against any party who was present or represented at the taking of the deposition . . . so far as admissible under the rules of evidence applied as though the deponent were then present and testifying as a witness, in accordance with the following provisions:
>
> "(a) Any party may use a deposition for the purpose of contradicting or impeaching the testimony of the deponent as a witness, or for any other purpose permitted by the Evidence Code. [¶] . . . [¶]
>
> "(c) *Any party may use for any purpose the deposition of any person or organization, including that of any party to the action, if* the court finds any of the following:
>
> "(1) *The deponent resides more than 150 miles from the place of the trial* or other hearing.

5

"(2) The deponent, without the procurement or wrongdoing of the proponent of the deposition for the purpose of preventing testimony in open court, is any of the following: [¶] . . . [¶]

"(D) Absent from the trial or other hearing and the court is unable to compel the deponent's attendance by its process.

"(E) Absent from the trial or other hearing and the proponent of the deposition has exercised reasonable diligence but has been unable to procure the deponent's attendance by the court's process. . . ." (Italics added.)

II

*Exclusion of Stapleford's Deposition Testimony*

Sumrall contends the trial court prejudicially erred by excluding Stapleford's deposition testimony.

A

Sumrall asserts the trial court erred by denying her request to present Stapleford's deposition testimony at trial because the record shows Stapleford resided in the State of Washington, more than 150 miles from the place of trial (Riverside, California), and Winco was represented by counsel at Stapleford's deposition. Therefore, she argues section 2025.620's requirements for admission of Stapleford's deposition testimony were satisfied.

*Monroy v. City of Los Angeles* (2008) 164 Cal.App.4th 248 (*Monroy*), at page 264, stated:

"[S]ection 2025.620, subdivision (c)(1) permits the introduction of deposition testimony in lieu of live testimony if '[t]he deponent resides more than 150 miles from the place of trial or other hearing.' Unavailability need not be shown. Hearsay can be used to provide

6

the foundation to establish that a deponent resides 150 miles from the courthouse [citation]."

In this case, Stapleford testified at his deposition that he resided in the State of Washington. We take judicial notice that the State of Washington is more than 150 miles from the courthouse in Riverside, California. (Evid. Code, §§ 459, subd. (a), 452, subd. (h); *Monroy*, *supra*, 164 Cal.App.4th at p. 264 [judicial notice that Puebla, Mexico, is more than 150 miles from Los Angeles, California, courthouse]; cf. *Dept. of Social Welfare v. Gandy* (1942) 56 Cal.App.2d 209, 211 [judicial notice that Santa Monica is less than 100 miles from Los Angeles].) The parties do not cite, and we are unaware of, any evidence or other information in the record suggesting Stapleford did not reside in the State of Washington, or at least 150 miles from Riverside, California, at the time of the April 2012 trial in this case. Accordingly, the record clearly shows section 2025.620, subdivision (c)(1)'s requirement was satisfied. Furthermore, the record shows Winco was represented by counsel at Stapleford's deposition. Because both requirements for admissibility of Stapleford's deposition testimony under section 2025.620, subdivision (c)(1), were satisfied, the trial court abused its discretion by excluding that deposition testimony at trial. (Cf. *Monroy*, *supra*, 164 Cal.App.4th at pp. 264-266.) The court's reason for excluding that testimony (i.e., it would be unfair to Winco because it could not

7

cross-examine Stapleford at trial) is not a valid reason under section 2025.620 to exclude that testimony.[3]

B

Sumrall asserts the trial court's error in excluding Stapleford's deposition testimony was prejudicial. She has the burden on appeal to show it is reasonably probable she would have obtained a more favorable result had the error not occurred. (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

Based on our review of the whole record, we conclude Sumrall has not carried her burden to show the trial court's error was prejudicial under the *Watson* standard. Had the court admitted Stapleford's deposition testimony, the jury would have heard evidence regarding Stapleford's coefficient of friction test results. It would have learned that Stapleford testified the store's floor is "slippery when it's wet" or, alternatively stated, is "in the slippery range." His testing of the floor when wet resulted in coefficients of friction ranging from 0.10 to 0.16, compared to his threshold for slipping of 0.43 (i.e., meaning there would be no chance of anyone slipping). He testified a floor becomes "slippery" in the range of 0.2 to 0.3. If Stapleford's deposition testimony had been admitted, the jury would have learned the store's floor was slippery when wet. However, as Winco asserts, the jury already heard the testimony of two store employees (i.e., Morfin and Thompson) that the floor was slippery when wet. Also, Banjac, Sumrall's

---

[3]    Furthermore, the record does not show the trial court cited or relied on Evidence Code section 352 to exclude Stapleford's deposition testimony. Therefore, there is no reasonable ground on which the court could exclude that testimony.

8

expert, testified Sumrall slipped because of a loss of traction (i.e., because of water on the floor). Stapleford's test results simply confirmed the slippery condition of the store's floor when wet. Although his test results would have placed numerical values on the floor's slippery condition when wet, neither those results nor Stapleford's deposition testimony would have informed the jury that the floor was either extremely slippery or slippery as ice.

Nevertheless, Sumrall argues that had Stapleford's deposition testimony been admitted at trial, she could have then presented testimony by her own expert, Banjac, regarding his interpretation of Stapleford's test results and, in particular, how slippery the floor is when wet. However, the trial record does not contain any proof (e.g., offer of proof by Sumrall) regarding what Banjac's testimony would have been had Stapleford's test results been admitted at trial. Evidence Code section 354, subdivision (a), provides that a verdict generally may not be reversed on appeal by reason of erroneous exclusion of evidence unless "[t]he substance, purpose, and relevance of the excluded evidence was made known to the court by the questions asked, an offer of proof, or by any other means . . . ." An offer of proof "must set forth the actual evidence to be produced and not merely the facts or issues to be addressed and argued [citation]. The trial court may reject a general or vague offer of proof that does not specify the testimony to be offered by the proposed witness." (*People v. Carlin* (2007) 150 Cal.App.4th 322, 334.) An offer of proof generally must be made before or shortly after the trial court has made a ruling excluding evidence. (*Bowman v. Wyatt* (2010) 186 Cal.App.4th 286, 329; *Espinoza v.*

9

*Calva* (2008) 169 Cal.App.4th 1393, 1398.) Here, Sumrall does not cite to, and we are unaware of, anything in the record showing she timely made an offer of proof to the trial court regarding what facts would have been proved had Stapleford's deposition testimony been admitted and Banjac been allowed to testify regarding Stapleford's test results. Absent any such offer of proof, Sumrall, in effect, waived her right to challenge on appeal the court's exclusion of that evidence. (*Gutierrez v. Cassiar Mining Corp.* (1998) 64 Cal.App.4th 148, 161-162; cf. *Caira v. Offner* (2005) 126 Cal.App.4th 12, 31.)

Assuming arguendo Sumrall made an adequate offer of proof or an exception applies to that requirement, we nevertheless conclude she has not carried her burden to show the admission of Stapleford's deposition testimony, and Banjac's testimony based on it, probably would have resulted in a more favorable verdict for her. In arguing her motion for a new trial, Sumrall asserted, for the first time, that had Stapleford's test results been admitted, Banjac could have testified those test results showed the store's floor was "slippery as ice" when wet. Sumrall repeats that argument in her appellate briefs. However, she does not show that had Banjac testified the store's floor was slippery as ice when wet, it is reasonably probable based on all of the other evidence in the record that she would have obtained a more favorable verdict. She does not show it is reasonably probable the jury would have found Winco negligent in the use or maintenance of its property had that evidence been admitted. The jury already had evidence showing the floor was slippery when wet. It also viewed a videotape showing the incident, including the conditions at the time and how Sumrall slipped and fell.

Based on all of the evidence, the addition of evidence that the floor was slippery as ice when wet would not likely have changed the jury's finding that Winco was not negligent. Accordingly, the trial court's error in excluding Stapleford's deposition testimony was not prejudicial under *Watson*. (*People v. Watson*, *supra*, 46 Cal.2d at p. 836.)

## DISPOSITION

The judgment is affirmed. Winco is entitled to costs on appeal.


McDONALD, J.

WE CONCUR:


BENKE, Acting P. J.


NARES, J.