[No. 3,489.]

## COOMBS *v.* HIBBERD.

RECORD ON APPEAL FROM AN ORDER.— An appeal from an order, determining a motion for a new trial, brings up only so much of the record as concludes with the decision of the motion itself, and cannot be made to embrace any subsequent order.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The plaintiff, as administratrix of the estate of John S. Chipman, sued for rents claimed to be due the estate.

The other facts are stated in the opinion.

*Crane*, for Respondent, moved to dismiss the appeal, because it was not taken within sixty days after the order appealed from was made, nor until more than two years thereafter, and cited Practice Act, Sec. 336, Sub. 3; 10 Cal. 380; 30 Cal. 11; 22 Cal. 650; 23 Cal. 283; 31 Cal. 207; *Coombs v. Hibberd*, 43 Cal. 453.

*Botts* and *Chipman*, for Appellant.

The judgment below was against the appellant. She moved for a new trial and the motion was denied. Subsequently she moved to set aside that motion. The latter motion was granted and a new trial ordered. The plaintiff

was ready to go to trial; she had no occasion to appeal; but the defendant appealed from the latter motion and it was reversed. Until the Supreme Court pronounced the second order of the Court below erroneous the plaintiff could not appeal. She, therefore, claims that she cannot be deprived of her right to appeal by an error of the Court below. All rules and statutes that are in derogation of the right of appeal must be strictly construed. The vacating order of the Court below was operative and effective until it was reversed; the order denying a new trial lay dormant pending the appeal and was restored to life and became again appealable on the 8th of July, 1872, when the judgment of reversal was entered in the Court below. (Practice Act, Sec. 353; 6 Cal. 130; 7 Cal. 443; 8 Cal. 135; 9 Cal. 16; 13 Cal. 634; 15 Cal. 84; 23 Cal. 101; 32 Cal. 257; *Yenawine* v. *Richter*, 43 Cal. 312.)

By the Court:

On May 16th, 1870, judgment was rendered in favor of defendant, and on the thirteenth of July following the motion of the plaintiff for a new trial was denied. On the 17th of July, 1872, this appeal was taken from the order denying the motion for a new trial. Objection is now made by the respondent that the appeal was not taken in time. It is admitted by the appellant, that the objection in this respect must prevail, unless it be overcome by the effect of an order set up in the transcript, by which order the Court below, on July 29th, 1870, set aside, or assumed to set aside, the order of July 13th, 1870, denying a new trial, which order of July twenty-ninth was reversed here on the 10th day of April, 1872. It is the settled rule governing the proceedings on appeal from any order determining a motion for a new trial, that such an appeal brings up only so much of the record as concludes with the decision of the motion itself, and cannot be

made to embrace any order of the Court below, made subsequently to the order by which the motion for a new trial was determined. Hence, had the plaintiff brought an appeal from the order denying the motion for a new trial within sixty days from the 13th of July, 1870, when it was entered, she could not have been embarrassed by the existence of the order on the record of the Court below of July twenty-ninth, by which the order of July thirteenth had been set aside, for the respondent in such an appeal could not have been permitted to add the latter order to the record on appeal. For the same reason, and by the same rule, the appellant here cannot be permitted to incorporate the order of July twenty-ninth in the record on this appeal, for the purpose of enlarging the time allowed for an appeal, and the appeal must be considered as taken wholly irrespective of the entry of the order of July twenty-ninth of the Court below, which properly forms no part of the record now before us; and in this view it was not taken within the time limited by the statute for this purpose.

Appeal dismissed.