[Civ. No. 684. Second Appellate District.—April 5, 1909.]

## H. R. HOLT, Petitioner, v. W. P. JAMES and the SUPERIOR COURT IN AND FOR THE COUNTY OF LOS ANGELES, Respondents.

PROHIBITION—PREMATURE ORDER REQUIRING JUSTIFICATION OF SURETIES ON STAY BOND—EXCESS OF JURISDICTION—APPEALABLE ORDER.—When, after exceptions filed to the sufficiency of the sureties on a bond to stay execution pending an appeal taken, the court, on the same day, made an order requiring the sureties thereon to appear before it on the following day and justify, and ordered that if they failed to do so, execution should issue on the judgment, if it be conceded that such order so made before the expiration of twenty days from the filing of such exception was in excess of jurisdiction, yet since the order is appealable, as having been made after final judgment, the writ of prohibition will not lie to restrain its enforcement.

ID.—OTHER ADEQUATE REMEDY.—Under the established rule, where other adequate remedy exists, the writ of prohibition cannot be invoked.

PETITION for writ of prohibition to restrain the enforcement of an order of the Superior Court of Los Angeles County. W. P. James, Judge.

The facts are stated in the opinion of the court.

V. T. Watkins, and Watkins & Blodget, for Petitioner.

John W. Kemp, and John S. Mitchell, for Respondents.

THE COURT.—Application for writ of prohibition.

It is made to appear by the record filed herein that in a certain action pending in the superior court of Los Angeles county, entitled *R. L. Couts, plaintiff,* v. *H. R. Holt, defendant,* a writ of attachment had been duly issued and levied

upon certain personal property; that said superior court
duly made and entered its judgment in favor of plaintiff and
against defendant for $631; that thereafter, within due time,
an undertaking on appeal was filed, and an additional un-
dertaking to stay execution; that thereafter, on the twenty-
ninth day of March, 1909, the plaintiff in said action duly
excepted to the sufficiency of the sureties on said last-named
undertaking, and the court thereupon made its order direct-
ing said sureties to appear and justify on a day fixed by the
court, to wit, on the thirtieth day of March, 1909, which date
was before the expiration of twenty days from the day the
exception was filed, and further made its order that, unless
such sureties appeared and justified, execution should issue
upon said judgment.

Petitioner asks this court to prohibit the superior court
from making and executing its order requiring the sureties to
justify before the expiration of twenty days from the date of
the filing of the exception, and from directing the issuance
of execution upon default of such justification. If it be con-
ceded that such order was made without jurisdiction, and that
justification cannot be compelled until twenty days after the
filing of the exception to the sufficiency of the sureties, never-
theless this writ must be denied for the reason that any order
made by the court in reference thereto would be an order after
judgment, as contemplated by section 963, Code of Civil Pro-
cedure, and therefore appealable, and under the established
rule, where other adequate remedy exists, the writ of prohibi-
tion cannot be invoked. (*Southern Cal. Ry. Co.* v. *Superior
Court*, 127 Cal. 418, [59 Pac. 789].)

Writ denied.