[Civ. No. 5914.  Second Apellate District, Division One.—October 31, 1927.]

M. J. FIX et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

John A. Jorgenson for Petitioners.

Everett Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondents.

CONREY, P. J.—On petition filed an alternative writ of mandate was issued.  Respondents demurred to the petition on the ground that the same does not state facts sufficient to entitle petitioners to the demanded relief.  The case is submitted on this demurrer.

The petitioners appealed to the Supreme Court from a judgment entered against them as defendants in an action in the Superior Court of Los Angeles County.  In connection with that appeal they filed a stay bond with two sureties.  In response to a demand for justification of those sureties, the petitioners, upon notice duly given, appeared before respondent judge with said sureties, for justification of the sureties.  The matter being called for hearing, the

judge examined the bond and asked the attorney for petitioners whether the sureties were married. The attorney having replied that they were married, the judge thereupon stated that he would not approve the bond because it was necessary that the wives of the sureties join in said bond on account of the community property laws in this state. The judge refused to proceed further in said matter and refused to hear evidence of the qualification of the sureties, and wrote on the back of the bond as follows:

"This bond is not approved on statement of counsel filing same, as to sureties being both married and their wives not being on bond.

"CHARLES S. BURNELL, Judge."

Counsel for respondents have not presented any argument or cited any authorities in support of the proposition that a married man cannot, under any circumstances, be accepted as surety on such an undertaking unless his wife joins with him in executing the same. Therefore, we make no decision on this question, further than that for the purposes of this case we assume that a married man may, without the consent of his wife, be a surety, and a sufficient surety, upon an undertaking like that shown in the instant case.

The point relied upon by respondents is that an appeal from the court's order will furnish a plain, speedy, and adequate remedy if the court erroneously refused to approve the bond. In support of this proposition, we are referred to *Holt* v. *James,* 10 Cal. App. 360 [101 Pac. 1065], and *Oliver* v. *Superior Court,* 67 Cal. App. 358 [227 Pac. 647]. It does not appear in either of these cases that the respondent court had refused to act upon a matter brought before it for hearing and decision. Each case involved merely an alleged error of the court in the exercise of its jurisdiction. But in the case at bar it appears from the petition (which the demurrer necessarily admits to be true) that the court has refused to hear and determine the question of the sufficiency of the sureties. Such refusal, in this instance, relates to an act which the law specially enjoins as a duty resulting from the office of respondent judge. We think that this presents a proper case for the issuance of the writ of mandate.

In connection with said appeal, petitioners also filed an undertaking for the purpose of maintaining in full force,

pending appeal, an attachment which they had obtained, on their cross-action, against certain property of plaintiffs and cross-defendants in said action. The proceedings in respondent court concerning this bond were identical with those described herein with reference to the stay bond. We are of the opinion that the ruling here made is equally applicable to both undertakings.

Let the peremptory writ issue.

Houser, J., and York, J., concurred.