[Civ. No. 46506. Second Dist., Div. One. Aug. 6, 1975.]

CALIFORNIA ACCOUNTS, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
HARRY ROSEN, Real Party in Interest.

**COUNSEL**

Diamond, Tilem, Colden & Emery and James J. Wilson for Petitioner.

No appearance for Respondent.

Harold Drooz for Real Party in Interest.

**OPINION**

**THOMPSON, J.**—Code of Civil Procedure section 1013 extends the time for responsive action by a party to a lawsuit served by mail with a "notice or other paper." The case at bench involves the narrow issue of the applicability of section 1013 to extend the time of a party to move to compel further compliance with self-executing civil discovery. We conclude that by reason of the expanded definition of "notice or other paper" adopted by California decisions, section 1013 is applicable.

Petitioner, plaintiff in a pending lawsuit, served interrogatories upon real party in interest, the defendant. On March 10, 1975, real party in interest served his answers to the interrogatories on petitioner by mail. On April 11, 32 days later, petitioner served and filed a motion to compel further answers to the interrogatories. Real party in interest objected to the motion, claiming that it was not made within the 30-day period required by Code of Civil Procedure section 2030, subdivision (a). Rejecting petitioner's argument that Code of Civil Procedure section 1013 extended its time to move for further answers to 35 days, the trial court, on April 22, 1975, denied the motion for further responses as untimely filed.

Petitioner sought review of the ruling by petition for writ of mandate to this court. Noting that the issue was one of apparent first impression of importance to trial courts in the administration of discovery procedures, we granted an alternative writ.

Code of Civil Procedure section 2030, subdivision (a), states in pertinent part: ". . . If the party who has submitted . . . interrogatories deems that further response is required, he may move the court for an order requiring further response. Such motion must be upon notice given within 30 days from the date of service of the answers or objections [to interrogatories] unless the court, on motion and notice, and for good cause shown, enlarges the time. . . ."

Code of Civil Procedure section 1013, subdivision (a), states in relevant part: "In the case of service by mail, the notice or other paper must be deposited in a post office, mailbox, sub-post office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service . . . . The service is complete at the time of deposit, but if, within a given number of days after such service, a right may be exercised, or act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended five days if the place of address is within the State of California. . . . "

■ Petitioner's motion to compel further answers having been filed 32 days after real party in interest served his original responses to interrogatories by mail, the motion is timely if section 1013 applies, but late if it does not. Since real party in interest's response to interrogatories was served upon petitioner by mail and since within a given number (30) days petitioner could exercise a right to move to compel further answers, section 1013 extends petitioner's time to exercise the right by five days if

real party in interest's response to the interrogatories is "the notice or other paper" to which section 1013 refers.

It is possible to construe the scope of section 1013 as extending time only where the action to be taken or right to be exercised is in response to a motion. Section 1013 is a part of a series of sections of the Code of Civil Procedure dealing with motion practice. Section 1003 defines a motion as an application for an order, a direction of a judge not included in a judgment. Section 1004 states the court in which a motion must be made. Section 1005 states the time limits for a written notice of motion. Section 1005.5 provides that proceedings on a motion are deemed pending upon service and filing of the notice of motion. Section 1010 states: "Notices must be in writing, and the notice of a motion, other than for a new trial, must state when, and the grounds upon which it will be made, and the papers, if any, upon which it is to be based. If any such paper has not previously been served upon the party to be notified and was not filed by him, a copy of such paper must accompany the notice. Notices and other papers may be served upon the party or attorney in the manner prescribed in this chapter, when not otherwise provided by this code . . . ." Section 1011 permits personal service and establishes the manner in which that service is accomplished. Section 1012 permits service by mail. Section 1013 establishes the manner of service by mail, provides that service by mail is complete when the document is deposited in the mails, and grants the automatic extension of time for response which is involved in the case at bench. If section 1013 is construed strictly, its reference to "the notice or other papers" is to a notice of motion and to papers supporting it.

The trial court strictly construed section 1013. Its construction may well be correct and the one which should be applied if the case were decided in the abstract. Existing California precedent, however, broadly construes Code of Civil Procedure section 1013 to extend its scope to response to papers and notices other than notices of motion and supporting documents. The section extends the time in which a person may appeal an order of the Department of Alcoholic Beverage Control to the Alcoholic Beverage Control Appeals Board where notice of the action of the board is given by mail. (*Pesce* v. *Dept. Alcoholic Bev. Control,* 51 Cal.2d 310 [333 P.2d 15].) It extends the statutory time for filing a petition for administrative mandamus pursuant to Code of Civil Procedure section 1094.5 where notice of the administrative action is served by mail. (*Sinclair* v. *Baker,* 219 Cal.App.2d 817, 822 [33 Cal.Rptr. 522].) Where, under early California law, the time for making a motion

for new trial ran from a "notice of decision" and section 1013 did not, as it now does, exclude notices of intention to move for a new trial from its ambit, section 1013 extended the period for a motion for new trial where the "notice of decision" was served by mail. (*Sullivan* v. *Wallace,* 73 Cal. 307 [14 P. 789]; *Estate of Richards,* 154 Cal. 478, 482-483 [98 P. 528].) Where a demurrer for plaintiff's failure to post security was overruled and the defendant granted 10 days to answer from the time he was given notice that the plaintiff had posted an undertaking, the giving of that notice by mail extended the 10-day period to answer by reason of Code of Civil Procedure section 1013. (*Montgomery* v. *Norman,* 120 Cal.App.2d 855, 857 [262 P.2d 360].) Section 1013 extends the 10-day period from mailing of notice of intended decision provided in rule 232(b) within which findings of fact may be demanded. (*McBride* v. *Alpha Realty Corp.,* 49 Cal.App.3d 925 [123 Cal.Rptr. 270].) Where the Industrial Accident Commission served its rating bureau's recommendation upon parties by mail stating that the case would be submitted within seven days if no objection were made, section 1013 operated to extend the period to object. (*Industrial Indemn. Co.* v. *Ind. Acc. Com.,* 57 Cal.2d 123, 126 [17 Cal.Rptr. 821, 367 P.2d 413].)

The principle has thus developed that the scope of Code of Civil Procedure section 1013 is not limited to motions but that its provisions, including that of extension of time where service is by mail, apply to proceedings similar to motions. (2 Witkin, Cal. Procedure (2d ed.) Actions, § 624.) Since counsel and their clients are particularly entitled to rely upon decisional law dealing with procedure, stare decisis dictates that we follow the now developed principle regardless of our personal view of the construction to be given section 1013 if we were writing on a clean slate.

In the case at bench, we do not deal with petitioner's response to a motion. We are concerned, however, with petitioner's action respecting real party in interest's response to a discovery instrument served upon him. The liberal rule of the precedential cases leads to the conclusion that the response to discovery is a proceeding similar to that on a motion. In this situation, petitioner's time to act by asserting its right to further responses to interrogatories is extended by Code of Civil Procedure section 1013, the original answers to interrogatories having been served upon petitioner by mail.

Cases relied upon by real party in interest as standing for a contrary position do not. They either deal with statutes specifically computing

time from the date when notice is received so as to make section 1013's extension unnecessary (see e.g., *La Barthe* v. *McRae,* 35 Cal.App.2d 734, 738 [97 P.2d 251]), or situations where a statute authorized a mailed notice of a proceeding to occur on a specific day with no right to be exercised or action to be taken within a stated period, the right of the party receiving the notice being only that of appearing on a set day (*Brown* v. *Rouse,* 115 Cal. 619, 621-622 [47 P. 601]).

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order of April 22, 1975, which denies petitioner's ·motion for further answers to interrogatories as untimely and to hear that motion on the merits.

Wood, P. J., and Hanson, J., concurred.

A petition for a rehearing was denied September 5, 1975. Hanson, J., was of the opinion that the petition should be granted. The petition of the real party in interest for a hearing by the Supreme Court was denied October 1, 1975.