[Civ. No. 19673. Third Dist. Feb. 17, 1981.]

DANNY T. DeMIGLIO, Petitioner, v.
THE SUPERIOR COURT OF PLUMAS COUNTY, Respondent;
RALPH S. WITTICK et al., Real Parties in Interest.

COUNSEL

Jack G. Whitehouse for Petitioner.

No appearance for Respondent.

Les Hait for Real Parties in Interest.

OPINION

**BLEASE, J.**—Petitioner Danny T. DeMiglio seeks a writ of mandate directing respondent court to set aside an order compelling him to provide further answers to interrogatories served on him by real parties in interest, Ralph S. Wittick and Stan Castles. ▆ The sole issue we consider is whether Code of Civil Procedure section 1013, which extends "the time within which [a] right may be exercised or act be done," upon service by mail, applies to rights or acts arising incident to a hearing on a motion noticed pursuant to Code of Civil Procedure section 1005. We hold that it does not.

## FACTS

On August 29, 1979, real parties served on petitioner by mail a "Notice of Motion to Dismiss Complaint, or in the Alternative for Further Answers to Interrogatories." The notice was filed the next day and received by petitioner on September 4. It specified a hearing date of September 11. Petitioner wrote to real parties' attorney, advising him that he could not appear on that date and relating his understanding that 15 days' notice was required. Real parties presented the letter to the trial court at the hearing on September 11, at which neither petitioner nor his attorney appeared. The court denied the motion to dismiss, granted the motion to compel further answers and awarded real parties sanctions of $250. On April 30, 1980, after a hearing on the issue of notice, the court reaffirmed the order.

## DISCUSSION

As applicable here, Code of Civil Procedure section 1005[1] required only that "notice of a motion...must be given at least 10 days before the time appointed for the hearing...." Real parties complied with the requirement but petitioner claims that at the hearing on the motion he had a right to contest the motion and that, by virtue of the notice by mail, section 1013[2] extended "the time within which such right may be exercised" and, consequently, extended time for the hearing at which the right accrued. Since the right to be heard is ancillary to a hearing on a noticed motion, petitioner's claim necessarily entails the uniform application of section 1013 to notices of motion served by mail.

To determine the interrelationship of sections 1005 and 1013, we look to their legislative histories.

[1]Code of Civil Procedure section 1005, as amended in 1963, provided: "When a written notice of a motion is necessary, it must be given at least 10 days before the time appointed for the hearing. [¶] The court, or a judge thereof, may prescribe a shorter time." (Stats. 1963, ch. 878, § 3, p. 2126.)

[2]Code of Civil Procedure section 1013, subdivision (a), provided: "In case of service by mail, the notice or other paper must be deposited in a post office, mailbox, sub-post office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at his office address as last given by him on any document which he has filed in the cause and served on the party making service by mail; otherwise at his place of residence. The service is complete at the time of the deposit, but if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended five days if the place of address is within the State of California, 10 days if the place of address is outside the State of California but within the United States, and 20 days if the place of address is outside the United States, but such extension shall not apply to extend the time for filing notice of intention to move

Sections 1005 and 1013 have run parallel legislative courses from their beginnings as, respectively, sections 517 and 522 of the Practice Act of 1851 (Stats. 1851, ch. 5, §§ 517, 522, pp. 132, 133.) Then, section 517[3] provided for notice of a motion, the extent of which was dependent upon the location of the hearing on the motion. Section 522[4] provided, without limitation as to the nature of the action noticed, for added notice by mail.

In 1872 the Code of Civil Procedure was adopted and sections 517 and 522 became sections 1005[5] and 1013[6] of the code. In the transition, the provisions were significantly amended. The period of notice of a hearing on a motion was expressly extended upon service by mail (§ 1005). But, the notice-by-mailing statute (§ 1013) was limited to cases in which the notice predicated "a right [to] be exercised, or an act . . . to be done . . . ." The mailing provisions of the two sections were made identical.

The inference from these congruent actions is compelled that the general notice-by-mailing statute (§ 1013) did *not* apply to notices of motion (§ 1005), that section 1005 provided the only notice required for

---

for new trial, notice of intention to move to vacate judgment pursuant to Section 663a of this code or notice of appeal." (Stats. 1974, ch. 281, § 1, p. 544.)

[3]Section 517 provided: "When a written notice of a motion is necessary, it shall be given, if the Court be held *in the same district with both parties,* five days before the time appointed for the hearing; otherwise, ten days; but the Court or Judge may, by an order to show Cause, prescribe a shorter time." (Stats. 1851, ch. 5, § 517, p. 132.)

[4]Section 522 provided: "In cases of service by mail, the notice or other paper shall be deposited in the post-office, addressed to the person on whom it is to be served, at his place of residence, and the postage paid. And in such case, the time of service shall be increased one day for every twenty miles distance between the place of the deposit and the place of the address." (Stats. 1851, ch. 5, § 522, p. 133.)

[5]*In 1872,* Code of Civil Procedure section 1005 provided: "When a written notice of a motion is necessary, it must be given, if the Court is held in the same district with both parties, five days before the time appointed for the hearing; otherwise, ten days. *When the notice is served by mail,* the number of days before the hearing must be increased one day for every twenty-five miles of distance between the place of deposit and the place of service; such increase, however, not to exceed in all ninety days; but the Court, or Judge, or County Judge, may prescribe a shorter time." (Italics added.) (Code Civ. Proc. § 1005 (1st ed. 1872) pp. 768-769.)

[6]*In 1872,* Code of Civil Procedure section 1013 provided: "In case of service by mail, the notice or other paper must be deposited in the Post Office, addressed to the person on whom it is to be served, at his place of residence, and the postage paid. The service is complete at the time of the deposit; but if within a given number of days after such service *a right may be exercised, or an act is to be done* by the adverse party, the time within which such right may be exercised, or act be done, is extended one day for every twenty-five miles distance between the place of deposit and the place of address; such extension, however, not to exceed ninety days in all." (Italics added.) (Code Civ. Proc. § 1013 (1st ed. 1872) pp. 774-775.)

motions subject to it and that the words of limitation in section 1013 did not encompass rights incident to a hearing on a noticed motion.

From 1872 to 1963 the notice-by-mailing provisions of sections 1005 and 1013 were amended from time to time but parity was maintained. (See Historical Notes, 18 West's Ann. Code Civ. Proc. (1980 ed.) §§ 1005 and 1013, pp. 588-589 and 628-629.) In 1963 section 1005 was amended to the form applicable here (*ante*, fn. 1) by repeal of its notice-by-mailing provisions without alteration of the words of limitation of section 1013. Plainly, what was removed from section 1005 was not added to section 1013, leaving the unmistakable inference that service of notice by mail was not to increase the period of notice provided by section 1005.[7]

Given this history, we need not resort to liberal canons of interpretation (*California Accounts, Inc.* v. *Superior Court* (1975) 50 Cal.App.3d 483, 486-488 [123 Cal.Rptr. 304]), or to linguistic exercises involving section 1013's words of limitation.

Recent amendments to section 1005, effective January 1, 1981, reaffirm its status independent of section 1013. They provide again for added notice upon service by mail of a noticed motion and expressly preclude application of section 1013's words of limitation "to a notice of motion governed by this section." (Stats. 1980, ch. 196, § 1, p. 418; see Leg. Counsel's Dig. of Sen. Bill No. 1664.)

These amendments provide no benefit to petitioner for they are prospective and can only affect notice of a hearing to be held after their effective date. (Civ. Code, § 3; cf. *Strauch* v. *Superior Court* (1980) 107 Cal.App.3d 45 [165 Cal.Rptr. 552].)

The petition for writ of mandate is denied. The alternative writ and stay are discharged.

Paras, Acting P. J., and Reynoso, J., concurred.

---

[7]Where a statute other than Code of Civil Procedure section 1005 governs the giving of notice of a motion (e.g., Code Civ. Proc., § 437c [summary judgment]), our decision here is, of course, inapplicable.