[Civ. No. 19601. Third Dist. July 23, 1981.]

JOHN LEE TAYLOR, Plaintiff and Appellant, v.
BRIG JONES, as Deputy District Attorney, etc., et al., Defendants and
Respondents.

## COUNSEL

Maxim N. Bach for Plaintiff and Appellant.

Price, Burness, Price & Davis and Philip B. Price for Defendants and Respondents.

## OPINION

PUGLIA, P. J.—Plaintiff John Lee Taylor appeals from a judgment of dismissal entered after the trial court granted defendants' motion for summary judgment. On appeal, plaintiff claims (1) lack of jurisdiction to hear the summary judgment motion and (2) legal error in granting the motion.

I.

We address the jurisdictional question first. The trial date was set for April 7, 1980. On January 25, 1980, defendants served on plaintiff by mail a notice of motion for summary judgment specifying a hearing date of February 8, 1980. Defendants filed the notice of motion with the court on January 29, 1980. Plaintiff filed points and authorities in opposition to the motion, arguing, inter alia, that 15 days' notice of the hearing was jurisdictionally required pursuant to Code of Civil Procedure section 1013, subdivision (a),[1] and that only 14 days' notice had been given. Plaintiff also advised the court that his counsel could not attend the hearing on February 8 because of a previously scheduled hearing on another matter. Neither plaintiff nor his attorney appeared at the hearing.

After considering the matter on February 8, the court continued the hearing to February 22, 1980, in order to allow plaintiff additional opportunity to file counteraffidavits and other material in opposition to the motion and opportunity to have counsel present at the hearing. In continuing the hearing, the court "waived" the requirement of section 437c that the motion be heard no later than 45 days prior to trial. It further provided that notice of the continuance would be adequate if mailed no later than February 11. Defendants served plaintiff with notice of the continuance by mail on February 11, and plaintiff filed further points and authorities in opposition to the motion, again asserting lack of jurisdiction. Neither plaintiff nor his counsel attended the February 22 hearing, at which the court granted defendants' motion for summary judgment.

■ We conclude that section 1013 did not operate here to extend the requisite notice period to 15 days. Section 437c prescribes at least 10 days' written notice of a hearing on a summary judgment motion. At the time of defendants' motion, section 1013, subdivision (a), further provided that, in the case of service by mail: "... service is complete at the time of the deposit, but if, within a *given* number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be

---

[1]Unless specified otherwise, all subsequent statutory references are to sections of the Code of Civil Procedure.

done, is extended five days if the place of address is within the state of California . . . ." (Italics added; Stats. 1974, ch. 281, § 2.)[2]

The quoted proviso is not applicable to plaintiff. As the adverse party to a summary judgment motion, plaintiff was not noticed to exercise a right or perform an act within a "given" number of days after service. Section 437c simply does not give a party opposing a summary judgment motion a particular number of days after service of the motion to exercise a right or do an act; rather, it informs the party that on a certain day a hearing on the motion will occur. (See *Williams* v. *Thomas* (1980) 108 Cal.App.3d 81, 86, fn. 3 [166 Cal.Rptr. 141]; *Welden* v. *Davis Auto Exchange* (1957) 153 Cal.App.2d 515, 521-522 [315 P.2d 33].) Obviously plaintiff had a right to submit opposing papers, but section 437c does not specify the number of days after service within which such right may be exercised so as to trigger the five-day extension of section 1013 (see *Albermont Petroleum, Ltd.* v. *Cunningham* (1960) 186 Cal.App.2d 84, 90-92 [9 Cal.Rptr. 405]).

The *California Accounts* and *Shearer* cases relied on by plaintiff are both distinguishable. They relate to situations where service of notice starts the running of a specific time period within which to exercise a right or to act. In *California Accounts, Inc.* v. *Superior Court* (1975) 50 Cal.App.3d 483, 487 [123 Cal.Rptr. 304], the court was concerned with the time limit for moving for further responses to interrogatories following service of answers. Section 2030, subdivision (a), prescribes that such a motion must be filed within 30 days from the date of the service of the answers. Similarly in *Shearer* v. *Superior Court* (1977) 70 Cal.App.3d 424 [138 Cal.Rptr. 824], the court was concerned with the 10-day limitation specified in section 418.10, subdivision (c), within which to petition for appellate review following service of notice of a court's denial of a motion to quash service. And although a recent case decided by this court suggests that the proviso of section 1013 might apply to notice of a motion for summary judgment, such language is dicta (*DeMiglio* v. *Superior Court* (1981) 115 Cal.App.3d 973, 977, fn. 7 [171 Cal.Rptr. 787].)

---

[2]Effective January 1, 1981, section 1013, subdivision (a), has been amended to provide in pertinent part: "The service is complete at the time of the deposit, but *any prescribed period of notice* and any right or duty to do any act or make any response within any prescribed period or on a date certain after the service of such document served by mail *shall* be extended five days if the place of address is within the State of California . . . ." (Italics added; Stats. 1980, ch. 196, § 2.)

As the original notice and the notice of continuance were both served at least 10 days prior to the respective hearing dates, the court did not lack jurisdiction to hear the summary judgment motion.[3]

■ Plaintiff also contends that the court had no jurisdiction at the dispository hearing because it was held within 45 days of the date set for trial. He is wrong. Section 437c permits the court, for good cause, to order a summary judgment hearing within the 45-day period before trial. Here, the court's stated purpose for ordering the continuance, that is, to give plaintiff and his counsel an opportunity to appear at the hearing and to make a formal response, constituted good cause. Because all the matters justifying the continuance arose in the presence of the court, no affidavits or declarations were necessary to support the express finding of the court that good cause existed for the waiver of the 45-day period. Indeed, it is not fitting for plaintiff now to complain of a continuance scheduled primarily for his own benefit.

---

[3]We admit, sheepishly, to a lack of consistency in dealing with this issue. A year ago, in a case also originating in Butte County, we ruled in an unpublished opinion that former section 1013 *did* extend by five days the required period of notice of a motion for summary judgment when service is by mail. Recognizing that absolution requires something more than an unadorned confession of error, we borrow from the late Justice Robert Jackson who was consistently eloquent if not, by his own admission, always right. Speaking in *McGrath* v. *Kristensen* (1950) 340 U.S. 162, 176 [95 L.Ed. 173, 184, 71 S.Ct. 224], Justice Jackson explained his own change of mind as follows: "I concur in the judgment and opinion of the Court. But since it is contrary to an opinion which, as Attorney General, I rendered in 1940, I owe some word of explanation. 39 Ops. Atty. Gen. 504. I am entitled to say of that opinion what any discriminating reader must think of it—that it was as foggy as the statute the Attorney General was asked to interpret.... [¶] Precedent, however, is not lacking for ways by which a judge may recede from a prior opinion that has proven untenable and perhaps misled others. See Chief Justice Taney, *License Cases*, 5 How. 504, recanting views he had pressed upon the Court as Attorney General of Maryland, in *Brown* v. *Maryland*, 12 Wheat. 419. Baron Bramwell extricated himself from a somewhat similar embarrassment by saying, 'The matter does not appear to me now as it appears to have appeared to me then.' *Andrews* v. *Styrap*, 26 L.T.R. (N.S.) 704, 706. And Mr. Justice Story, accounting for his contradiction of his own former opinion, quite properly put the matter: 'My own error, however, can furnish no ground for its being adopted by this Court ....' *United States* v. *Gooding*, 12 Wheat. 460. Perhaps Dr. Johnson really went to the heart of the matter when he explained a blunder in his dictionary—'Ignorance, sir, ignorance,' But an escape less self-depreciating was taken by Lord Westbury, who, it is said, rebuffed a barrister's reliance upon an earlier opinion of his Lordship: 'I can only say that I am amazed that a man of my intelligence should have been guilty of giving such an opinion.' If there are other ways of gracefully and good naturedly surrendering former views to a better considered position, I invoke them all."

Finally, absolution is due if for no other reason that that "[w]isdom too often never comes, and so one ought not to reject it merely because it comes late." (*Wolf* v. *Colorado* (1949) 338 U.S. 25, 47 [93 L.Ed. 1782, 1795, 69 S.Ct. 1359] (dis. opn. of Rutledge, J.); see also *Smith* v. *Anderson* (1967) 67 Cal.2d 635, 646[63 Cal. Rptr. 391, 433 P.2d 183].)

## II.

The court also acted properly in granting defendants' motion for summary judgment.

Plaintiff's complaint undertook to state five causes of action against defendant county and three individuals employed by the county district attorney's office. The first two causes were based on the Federal Civil Rights Act (42 U.S.C.A. §§ 1983, 1985, 1986 et seq.) and essentially alleged that the individual defendants, under color of state law and motivated by racial prejudice, conspired to deny plaintiff due process and equal protection of the law by proceeding to revoke plaintiff's probation in a criminal action. The third, fourth, and fifth causes were based on common law and alleged malicious prosecution, abuse of process, and negligence in the prosecution of the probation revocation proceeding.

Defendants were not liable as a matter of law under any of the theories pled. As to the common law actions, the public employee defendants were immune from liability for any injury caused in prosecuting the criminal proceeding. (Gov. Code, § 821.6; *White* v. *Brinkman* (1937) 23 Cal.App.2d 307, 314 [73 P.2d 254]; *Pearson* v. *Reed* (1935) 6 Cal. App.2d 277, 285 [44 P.2d 592].) The employee immunity also inured to the benefit of the county, as their public entity employer. (Gov. Code, § 815.2, subd. (b).) As to the federal civil rights causes of action, the acts complained of were intimately associated with the judicial phase of the criminal process. Thus defendants were protected by absolute immunity from liability for those acts, in harmony with the same doctrine solidly established at common law. (*Imbler* v. *Pachtman* (1976) 424 U.S. 409, 427, 430 [47 L.Ed.2d 128, 142, 143, 96 S.Ct. 984]; *Owen* v. *City of Independence* (1980) 445 U.S. 622 [63 L.Ed.2d 673, 685, 100 S.Ct. 1398]; cf. *Hampton* v. *City of Chicago, Cook County, Illinois* (7th Cir. 1973) 484 F.2d 602, 609.)

The judgment is affirmed.

Evans, J., concurred.

**REYNOSO, J.**—I dissent in part and concur in part.

My dissent goes to the jurisdictional question. In my view Code of Civil Procedure does apply to a motion for summary judgment. Accordingly, the trial court lacked jurisdiction to act.

Simply stated, a party responding to such a motion manifestly must act; that is, exercise a right. Code of Civil Procedure section 437c specifically tells us what must happen—opposing party must file affidavits sufficient to present a triable issue of fact. That a party may default places this motion in no different circumstance than any other noticed motion. Legislative draftsmanship proved to be inartful; reasonable minds can differ in interpreting Code of Civil Procedure section 1013. I am persuaded that the importance of the summary judgment motion and the need for time to prepare and file papers in opposition, including counteraffidavits, argues that the 15-day notice period applies to such a motion.

While I disagree with the majority on the jurisdictional question, I agree that the summary judgment, assuming jurisdiction, was correctly entered. We must focus on the character of the prosecutor's conduct. The record discloses that the individual defendants acted in their official (and proper) capacity in the exercise of their prosecutorial responsibilities. Such conduct is immune. (*Hampton* v. *City of Chicago, Cook County, Illinois* (7th Cir. 1973) 484 F.2d 602, 609.)

On August 21, 1981, the opinion was modified to read as printed above.