**Garrett J. BARRY, Appellant,**

v.

**Tom JOHNSON, in his capacity as County Attorney, et al., Respondents.**

**No. C8–84–403.**

Court of Appeals of Minnesota.

July 3, 1984.

Review Denied Sept. 12, 1984.

Garrett J. Barry, pro se.

Thomas L. Johnson, Hennepin County Atty., Marilyn J. Maloney, Asst. County Atty., Minneapolis, for respondents.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Garrett Barry brought three civil suits for damages against the Hennepin County Attorney and others after charges against him of alleged theft in the sale of airline tickets were dismissed. He claimed abuse of process and malicious prosecution. The trial court granted summary judgment in favor of the Hennepin County employees who were involved in the three suits. Barry appealed all three suits.

This court only has jurisdiction to hear the appeal of the case known as *Barry v. Stanton*, File No. 793308, which is a suit against a county investigator acting at the direction of the County attorney. The case of *Barry v. Johnson*, File No. 802777, was appealed more than 90 days after the entry of summary judgment. This violated Rule 104.01, Minn.R.Civ.App.P. In the case of *Barry v. Johnson*, File No. 797513, a partial summary judgment was granted in favor of the Hennepin County employees but not the alleged victims of the theft. In the absence of an express determination by the trial court there was no just reason for delay, a partial summary judgment is not final and, therefore, not appealable. Rule 54.02, Minn.R.Civ.P. *See Financial Rela-*

*tions Bd., Inc. v. Pawnee Corp.,* 308 Minn. 109, 240 N.W.2d 565 (1976).

As to *Barry v. Stanton,* in reviewing a summary judgment, this court must determine "(1) whether there are genuine issues of material fact and (2) whether the trial court erred in its application of the law." *American Druggists Ins. v. Thompson Lumber Co.,* 349 N.W.2d 569, 573 (Minn.Ct. App.1984), citing *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn. 1979).

Barry has not shown any genuine issues of material fact. The only question remaining is whether the trial court erred in applying the law. The trial court determined that investigator Stanton, employed by the prosecutor and used in the preparation of the criminal case against Barry, was absolutely immune from civil suit. We agree. In *Brown v. Dayton Hudson Corp.,* 314 N.W.2d 210 (Minn.1981) the Minnesota Supreme Court held that a prosecutor acting within the scope of his duties is absolutely immune from civil liability. The policy behind this rule is to prevent the "harassment by unfounded litigation" and to ensure that prosecution remains "vigorous and fearless." *Imbler v. Pachtman,*

424 U.S. 409, 423–27, 96 S.Ct. 984, 991–93, 47 L.Ed.2d 128 (1976).

We extend this reasoning to the county attorney investigator. In performing his official tasks, the investigator is responsible for conducting investigations into circumstances of alleged crimes. He reports and recommends whether formal charges are justified. Because he acts at the direction of the prosecuting attorney, the investigator is also absolutely immune from civil suits when acting within the scope of his official duties. *Bloss v. Williams,* 15 Mich.App. 228, 166 N.W.2d 520 (1968). *See Taylor v. Jones,* 121 Cal.App.3d 885, 891, 175 Cal.Rptr. 678, 681 (1981).

## DECISION

The granting of summary judgment is affirmed.

Affirmed.